Anthony J. Ellrod (SBN 136574)
*aje@manningllp.com*
Paul Hanna (SBN 222012)
*pxh@manningllp.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, CA 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants, WEST COVINA CORPORATE FITNESS, SANTA ANA CORPORATE FITNESS (erroneously sued as GOLD'S GYM INTERNATIONAL, INC.)

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ANDRES GOMEZ, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOLD'S GYM INTERNATIONAL, INC.,<br><br>Defendant. | Case No. 2:15-cv-08123-GHK-PJW<br><br>The Hon. George H. King,<br>Court Room 650<br><br>ANSWER OF DEFENDANT WEST COVINA CORPORATE FITNESS, SANTA ANA CORPORATE FITNESS (erroneously sued as GOLD'S GYM INTERNATIONAL, INC.) TO PLAINTIFF'S FIRST AMENDED COMPLAINT<br><br>Complaint Filed: 10/15/15<br>Trial Date: None |

TO PLAINTIFF NATHAN J. SHERIDAN AND HIS ATTORNEYS OF RECORD:

Defendant, WEST COVINA CORPORATE FITNESS, SANTA ANA CORPORATE FITNESS (erroneously sued as GOLD'S GYM INTERNATIONAL, INC.) ("FITNESS"), answers the unverified First Amended Complaint of plaintiff, ANDRES GOMEZ, as follows:

1. Answering Paragraph 1 of the Complaint, FITNESS lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and

therefore denies them. FITNESS admits, however, that Plaintiff purports to bring this action not only on his own behalf but also on behalf of other similarly situated individuals.

2. Answering Paragraph 2 of the Complaint, FITNESS lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff is a blind individual. FITNESS denies that it failed to provide POS Devices in California that were fully accessible to, and independently usable by, blind people.

3. Answering Paragraph 3 of the Complaint, FITNESS denies each and every allegation of this Paragraph.

4. Answering Paragraph 4 of the Complaint, FITNESS denies each and every allegation of this Paragraph, except admits that POS Devices require that customers using debit cards for purchases enter their personal identification number.

5. Answering Paragraph 5 of the Complaint, FITNESS denies the allegations contained in Paragraph 5 to the extent that they call for an admission or denial of a legal conclusion. FITNESS further denies the allegations that its POS devices discriminate against the blind or visually impaired.

6. Answering Paragraph 6 of the Complaint, FITNESS lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies them.

7. Answering Paragraph 7 of the Complaint, FITNESS lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff intends to continue to be a visitor to its stores, and therefore denies this allegation. FITNESS further denies that it has failed to install POS devices that comply with the law, and that Plaintiff will be unable to independently make payments for purchases using his debit card.

8. Answering Paragraph 8 of the Complaint, FITNESS denies the allegations contained in Paragraph 8 to the extent that they call for an admission or

denial of a legal conclusion. FITNESS further denies the allegations that its POS devices violate the ADA and California law.

9. Answering Paragraph 9 of the Complaint, FITNESS states that the law speaks for itself.

10. Answering Paragraph 10 of the Complaint, FITNESS states that the law speaks for itself.

11. Answering Paragraph 11 of the Complaint, FITNESS states that the law speaks for itself.

12. Answering Paragraph 12 of the Complaint, FITNESS admits that it operates a fitness center in California.

13. Answering Paragraph 13 of the Complaint, FITNESS denies each and every allegation of this Paragraph.

14. Answering Paragraph 14 of the Complaint, FITNESS denies each and every allegation of this Paragraph.

15. Answering Paragraph 15 of the Complaint, FITNESS denies the allegations contained in Paragraph 15 to the extent that they call for an admission or denial of a legal conclusion.

16. Answering Paragraph 16 of the Complaint, FITNESS denies the allegations contained in Paragraph 16 to the extent that they call for an admission or denial of a legal conclusion and further denies the allegations as vague and ambiguous as to what Plaintiff means by "substantial business."

17. Answering Paragraph 17 of the Complaint, FITNESS denies the allegations contained in Paragraph 17 to the extent that they call for an admission or denial of a legal conclusion.

18. Answering Paragraph 18 of the Complaint, FITNESS denies the allegations contained in Paragraph 18 to the extent that they call for an admission or denial of a legal conclusion.

19. Answering Paragraph 19 of the Complaint, FITNESS lacks knowledge

or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

20. Answer Paragraph 20 of the Complaint, FITNESS admits that it is located at 19835 Nordhoff Street in Northridge California and own, control, and operate fitness centers in Arcadia and West Covina, California. With respect to the allegation that FITNESS is a public accommodation, this calls for a legal conclusion and FITNESS responds that the law speaks for itself.

21. Answering Paragraph 21 of the Complaint, FITNESS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

22. Answering Paragraph 22 of the Complaint, FITNESS lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff tried to make a purchase using his debit card, but was unable, and therefore denies these allegations. FITNESS further denies each and every remaining allegation of Paragraph 22.

23. Answering Paragraph 23 of the Complaint, FITNESS denies each and every allegation of this Paragraph.

24. Answering Paragraph 24 of the Complaint, FITNESS denies each and every allegation of this Paragraph.

25. Answering Paragraph 25 of the Complaint, FITNESS denies each and every allegation of this Paragraph.

26. Answering Paragraph 26 of the Complaint, FITNESS denies each and every allegation of this Paragraph.

27. Answering Paragraph 27 of the Complaint, FITNESS denies each and every allegation of this Paragraph.

28. Answering Paragraph 28 of the Complaint, FITNESS denies each and every allegation of this Paragraph.

29. Answering Paragraph 29 of the Complaint, FITNESS lacks knowledge

or information sufficient to form a belief as to the truth of the allegations of this Paragraph.

30. Answering Paragraph 30 of the Complaint, FITNESS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph, except FITNESS denies that its stores were in violation of the laws specified in Paragraph 30.

31. Answering Paragraph 31 of the Complaint, FITNESS denies each and every allegation of this Paragraph.

32. Answering Paragraph 32 of the Complaint, FITNESS lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies them. FITNESS admits, however, that Plaintiff purports to bring this action not only on his own behalf but also on behalf of other similarly situated individuals.

33. Answering Paragraph 33 of the Complaint, FITNESS denies each and every allegation of this Paragraph.

34. Answering Paragraph 34 of the Complaint, FITNESS denies each and every allegation of this Paragraph.

35. Answering Paragraph 35 of the Complaint, FITNESS denies each and every allegation of this Paragraph.

36. Answering Paragraph 36 of the Complaint, FITNESS denies each and every allegation of this Paragraph.

37. Answering Paragraph 37 of the Complaint, FITNESS denies each and every allegation of this Paragraph.

38. Answering Paragraph 38 of the Complaint, FITNESS incorporates herein by reference the admissions, denials, and allegations contained in Paragraphs 1 through 37 of this Answer as though set forth here in full.

39. Answering Paragraph 39 of the Complaint, FITNESS states that the law speaks for itself.

40. Answering Paragraph 40 of the Complaint, responding party admits that it owns, operates, and/or controls the fitness centers at issue in this case. With respect to the allegation that FITNESS is a public accommodation, this calls for a legal conclusion and FITNESS responds that the law speaks for itself.

41. Answering Paragraph 41 of the Complaint, FITNESS states that the law speaks for itself.

42. Answering Paragraph 42 of the Complaint, FITNESS states that the law speaks for itself.

43. Answering Paragraph 43 of the Complaint, FITNESS states that the law speaks for itself.

44. Answering Paragraph 44 of the Complaint, FITNESS denies each and every allegation of this Paragraph.

45. Answering Paragraph 45 of the Complaint, FITNESS denies each and every allegation of this Paragraph.

46. Answering Paragraph 46 of the Complaint, FITNESS denies each and every allegation of this Paragraph.

47. Answering Paragraph 47 of the Complaint, FITNESS denies each and every allegation of this Paragraph.

48. Answering Paragraph 48 of the Complaint, FITNESS denies each and every allegation of this Paragraph, and further denies that it engaged in unlawful conduct or that Plaintiff is entitled to any relief in this action.

49. Answering Paragraph 49 of the Complaint, FITNESS incorporates herein by reference the admissions, denials, and allegations contained in Paragraphs 1 through 48 of this Answer as though set forth here in full.

50. Answering Paragraph 50 of the Complaint, FITNESS states that the law speaks for itself.

51. Answering Paragraph 51 of the Complaint, FITNESS states that the law speaks for itself.

52. Answering Paragraph 52 of the Complaint, FITNESS denies each and every allegation of this Paragraph, and further denies that it engaged in unlawful conduct or that Plaintiff is entitled to any relief in this action.

53. Answering Paragraph 53 of the Complaint, FITNESS incorporates herein by reference the admissions, denials, and allegations contained in Paragraphs 1 through 52 of this Answer as though set forth here in full.

54. Answering Paragraph 54 of the Complaint, FITNESS states that the law speaks for itself.

55. Answering Paragraph 55 of the Complaint, FITNESS denies each and every allegation of this Paragraph, and further denies that it engaged in unlawful conduct or that Plaintiff is entitled to any relief in this action.

56. Answering Paragraph 56 of the Complaint, FITNESS denies each and every allegation of this Paragraph.

57. Answering Paragraph 57 of the Complaint, FITNESS denies each and every allegation of this Paragraph, and further denies that it engaged in unlawful conduct or that Plaintiff is entitled to any relief in this action.

58. Answering Paragraph 58 of the Complaint, FITNESS denies each and every allegation of this Paragraph.

59. Answering Paragraph 59 of the Complaint, FITNESS denies the allegations contained in Paragraph 59 to the extent that they call for an admission or denial of a legal conclusion. FITNESS further denies the allegation that it violated any of the laws specified in Paragraph 59.

60. Answering Paragraph 60 of the Complaint, FITNESS denies each and every allegation of this Paragraph, and further denies that it engaged in unlawful conduct or that Plaintiff is entitled to any relief in this action.

61. Answering Paragraph 61 of the Complaint, FITNESS denies each and every allegation of this Paragraph, and further denies that it engaged in unlawful conduct or that Plaintiff is entitled to any relief in this action.

62. Answering Paragraph 62 of the Complaint, FITNESS incorporates herein by reference the admissions, denials, and allegations contained in Paragraphs 1 through 61 of this Answer as though set forth here in full.

63. Answering Paragraph 63 of the Complaint, FITNESS states that the law speaks for itself.

64. Answering Paragraph 64 of the Complaint, FITNESS states that the law speaks for itself.

65. Answering Paragraph 65 of the Complaint, FITNESS denies the allegations contained in Paragraph 65 to the extent that they call for an admission or denial of a legal conclusion. FITNESS further denies the allegation that it violated any of the laws specified in Paragraph 65.

66. Answering Paragraph 66 of the Complaint, FITNESS denies the allegations contained in Paragraph 66 to the extent that they call for an admission or denial of a legal conclusion. FITNESS further denies the allegation that it violated any of the laws specified in Paragraph 66.

67. Answering Paragraph 67 of the Complaint, FITNESS denies each and every allegation of this Paragraph, and further denies that it engaged in unlawful conduct or that Plaintiff is entitled to any relief in this action.

68. Answering Paragraph 68 of the Complaint, FITNESS incorporates herein by reference the admissions, denials, and allegations contained in Paragraphs 1 through 67 of this Answer as though set forth here in full.

69. Answering Paragraph 69 of the Complaint, FITNESS denies the allegations contained in Paragraph 69 to the extent that they call for an admission or denial of a legal conclusion. FITNESS further denies the allegation that it violated any of the laws specified in Paragraph 69.

70. Answering Paragraph 70 of the Complaint, FITNESS denies the allegations contained in Paragraph 70 to the extent that they call for an admission or denial of a legal conclusion, and further denies that it engaged in unlawful conduct

or that Plaintiff is entitled to any relief in this action.

## AFFIRMATIVE DEFENSES

As its separate and independent affirmative defenses in this action, and without conceding that it bears the burden of proof or persuasion as to any defense, FITNESS alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Failure To State A Claim)

1. The Complaint filed herein and each purported claim for relief alleged therein, fails to state facts sufficient to constitute a valid claim for relief against Defendant.

### SECOND AFFIRMATIVE DEFENSE
### (Lack Of Standing)

2. Plaintiff lacks standing to the extent he seeks relief for alleged barriers that do not impact his particular disability, or to the extent he did not suffer any actual injury.

### THIRD AFFIRMATIVE DEFENSE
### (Mootness)

3. Plaintiff's complaint is barred to the extent the barriers alleged are not current present at the property.

### FOURTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

4. The alleged claims in the Complaint are barred to the extent Plaintiff failed to mitigate damages.

### FIFTH AFFIRMATIVE DEFENSE
### (Acts Or Omissions Of Plaintiff)

5. The alleged claims in the Complaint are barred to the extent that damages, if any, resulted from the acts and/or omissions of Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure To Give Notice)

6. The Complaint is barred in whole or in part because Plaintiff failed to give any reasonable notice to Defendant, prior to filing suit, that he considered Defendant's premises to be out of compliance with state or federal law.

## SEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

7. The Complaint and each purported claim for relief alleged therein are barred, in whole or in part, by the doctrine of estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

### (Good Faith Of Defendant)

8. Plaintiff is entitled to damages because at all relevant times Defendant acted in good faith, in an effort to comply with all state and federal laws and regulations.

## NINTH AFFIRMATIVE DEFENSE

### (Compliance With Applicable Laws)

9. Defendant is absolved from any and all liability for the wrongs alleged in the Complaint by reason of its full compliance with all statutes, regulations, or other laws in effect at the time of the conduct alleged in the Complaint.

## TENTH AFFIRMATIVE DEFENSE

### (No Injury To Plaintiff)

10. The Complaint, and each claim for relief contained therein, is barred because Plaintiff has not been injured at all as a result of the alleged conduct by Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Plaintiff is a Vexatious Litigant)

11. Plaintiff is a vexatious litigant who has filed multiple identical lawsuits and has brought this suit without proper cause.

## TWELFTH AFFIRMATIVE DEFENSE

### (Additional Defenses)

12. Defendant reserves the right to allege additional defenses as they become known during discovery, and to amend its Answer accordingly.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

1. That judgment be entered in favor of Defendant, and against Plaintiff, on all causes of action alleged in the Complaint.

2. That Defendant be awarded its respective costs of suit in this matter, including reasonable attorneys' fees; and

3. For such other and further relief as the Court may deem just and proper.

DATED: December 22, 2015

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By: /s/
 Anthony J. Ellrod
 Paul Hanna
 Attorneys for Defendants WEST COVINA CORPORATE FITNESS, SANTA ANA CORPORATE FITNESS (erroneously sued as GOLD'S GYM INTERNATIONAL, INC.)

## **PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 801 S. Figueroa St, 15th Floor, Los Angeles, CA 90017-3012.

On December 22, 2015, I served true copies of the following document(s) **ANSWER OF DEFENDANT WEST COVINA CORPORATE FITNESS, SANTA ANA CORPORATE FITNESS (erroneously sued as GOLD'S GYM INTERNATIONAL, INC.) TO PLAINTIFF'S FIRST AMENDED COMPLAINT** described as on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**X BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Manning & Kass, Ellrod, Ramirez, Trester LLP for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at Los Angeles, California.

**BY FAX TRANSMISSION:** I faxed a copy of the document(s) to the persons at the fax numbers listed in the Service List. The document(s) were transmitted at or before 5:00 p.m. The telephone number of the sending facsimile machine was (213) 624-6999. No error was reported by the fax machine that I used. A record of the fax transmission was properly issued by the sending fax machine.

**BY OVERNIGHT DELIVERY:** I enclosed said document(s) in an envelope or package provided by Overnight Delivery and addressed to the persons at the addresses listed in the Service List. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of Overnight Delivery or delivered such document(s) to a courier or driver authorized by Overnight Delivery to receive documents.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 22, 2015, at Los Angeles, California.

*[signature]*
Brenda Leonardo

**SERVICE LIST**

Jason Louis Ribakoff
Law Office of Jason L. Ribakoff
4741 Laurel Canyon Boulevard
Suite 210
Valley Village, CA  91607
(818) 760-7297
email: ribakoffjason@gmail.com
*Attorney for Plaintiff, Andres Gomez*